## Baker et al. v. Combs et al.

(Decided December 10, 1929.)

WILLIS W. REEVES for appellants.

SAUFLEY & WARD for appellees.

· OPINION OF THE COURT BY JUDGE CLAY—Reversing.

B. W. Baker and his brother, Floyd H. Baker, were the owners of a boundary of land on the north fork of the Kentucky river near Hazard. A portion of this land they platted and subdivided, and the subdivision was known as Woodland Park addition to the town of Hazard. On May 14, 1924, Floyd H. Baker individually, and as attorney in fact for his wife, Helen De Garmo Baker, B. W. Baker, and his wife Mary Rose Baker, conveyed to D. C. Combs lots Nos. 314, 315, 316 and 317, in the Woodland Park addition. The consideration was $3,443.75, represented by three notes each for the sum of $1,147.91, and payable respectively in one, two, and three years from date, with 6 per cent. interest from date until paid. The notes were secured by a lien on the property, and it was provided that, if the grantee should default in the payment of any part of the debt or interest when due, the holder or holders should have the right to declare the entire debt due and payable, and might proceed to enforce the lien for the whole debt and

interest remaining unpaid. Among other provisions the deed contained the following:

> "It is agreed and understood that power lines, telephone lines, sewer lines, water lines, sidewalks, and grading of the streets along the property hereby conveyed shall be provided by said first parties without direct charge against said second party."

After default on the part of the vendee Combs, the vendors, B. W. Baker and F. H. Baker, brought this action to recover on the notes and enforce their lien by a sale of the property. Combs filed what is denominated an answer and counterclaim. One of the defenses attempted to be pleaded was that he was unlearned in the law, and at the time of the execution and delivery of the deed and notes he mistakenly believed that he could not be held liable on the notes beyond the value of the property conveyed by the deed, that he believed that the property conveyed stood good for the debt, and that he was not liable any further, that the plaintiffs knew that he had this belief, and knew that he was solvent, and knew the law touching the matter, and failed to acquaint him with the fact that he could be held liable on the notes, and, had he known that he could be held liable, he would not have signed the notes. Another defense was that the plaintiffs wholly failed within a reasonable time to provide power lines, sewer lines, water lines, sidewalks, and to have the streets graded in compliance with the covenant contained in the deed. He concluded his pleading with a prayer for cancellation. Some time later he filed an amended answer and counterclaim asking a rescission on the ground of defective title and nonresidence on the part of Floyd H. Baker. On final hearing, the chancellor sustained the last-mentioned defense, and rendered a judgment canceling the transaction. Plaintiffs have appealed.

It is earnestly insisted that the judgment may be sustained on the ground of mistake of law on the part of appellee. This is not a suit for reformation, and, even in the rare instances where reformation will be decreed for mistake in law, it must clearly appear that the mistake was mutual, or that there was a mistake on one side and fraud on the other. Here a rescission is asked on the ground that appellee was ignor-

ant of the law and was laboring under the mistaken belief that he incurred no personal liability on the notes, coupled with the allegation that appellants knew he would be liable and failed to inform him. It is not claimed that appellee was non compos mentis, and surely society as a whole has not reachd such a state of imbecility that it is incumbent on the owner of real estate to tell a prospective purchaser that he will have to pay the notes which he executes for the purchase price. That being true, the facts pleaded show no fraud on the part of the vendors. With that element eliminated, the case is simply one where the purchaser claims to have been laboring under the mistaken belief that he was not liable, in spite of his solemn agreement and obligation to pay. Clearly, such a mistake of law on the part of the vendee alone, who is not shown to have been lacking in intelligence, affords no ground for the rescission of the contract.

Whether, if there had been a failure to comply with the covenant to grade streets and provide power lines, telephone lines, sewer lines, water lines, and sidewalks, this would have been ground for rescission, we need not determine. The evidence shows that the streets had been graded and ditched, and tile had been laid in several places. It is admitted that, if houses were erected on the lots purchased, the occupants could get power service, sewer service, and water service. The only respect in which the covenant has not been kept is that sidewalks have not been built in front of the lots purchased. Though the failure to provide sidewalks may justify the allowance of a small sum in damages, to be credited on the notes, such failure affords no ground for the rescission of the contract.

It remains to determine whether rescission was properly decreed on the ground of defective title and nonresidence of one of the grantors. On this phase of the case several questions were raised that need not be discussed. Even if it be conceded that the first power of attorney under which Floyd H. Baker acted was defective, for the reason that the name of his wife, Helen De Garmo Baker, did not appear in the caption and was not acknowledged by her, and that the power of attorney was not sufficient because it was executed for the purpose of enabling Floyd Baker to sell only the lands of John Baker, deceased, it appears that during the prog-

ress of the action Floyd H. Baker and B. W. Baker, the sole owners of the lots, together with their wives, executed, acknowledged, and tendered to appellee a deed sufficient to convey a good title to the lots. That being true, appellee is not in a position to complain that the title is defective, even if that defense be otherwise available. It follows that the chancellor erred in rescinding the transaction.

Judgment reversed and cause remanded for proceedings consistent with this opinion.